# BALTIMORE CITY COURT.

Filed March 22, 1926.

SWERDLIN, ET AL.,
VS.
BOGATSKY, ET AL.

*Roszel C. Thomsen* for Maurice Swerdlin and New York Indemnity Co., appellants.

*Oliver Y. Harris* for Leon Bogatzky and Employers' Indemnity Corp., appellees.

*Paul M. Higinbothom* for Fred Heller, claimant, appellee.

ULMAN, J.—

The Court has decided to grant the prayers offered on behalf of the appellants, Swerdlin and the New York Indemnity Company, peremptorily directing the jury to answer the several issues submitted in favor of said appellants.

There are three fundamental questions which underlie this decision:

First: Can a verdict in this kind of case be directed under any circumstances?

Second: Does the statutory presumption of the correctness of the decision of the State Industrial Accident Commission make it improper to direct a verdict contrary to such decision?

Third: Has the doctrine of waiver in suits on insurance policies any application to the instant case?

On the first two questions it is enough to refer to the case of Todd vs. the Furniture Company, in 147 Md., pages 352-359: "The rule as to the burden of

proof in such cases is not incompatible with the recognized rule that the issue may be decided as one of law, where the facts are agreed on, or proved without contradiction, and there is no ground of dispute as to any material inference of fact."

Swerdlin, Bogatsky and Heller have all testified clearly that Heller was actually employed by Bogatsky; that Bogatsky paid his wages; that Bogatsky directed him in his work; and that Bogatsky had the power to discharge him.

It is true that Mrs. Rosen, Bogatsky's daughter, in the earlier part of her testimony, intimated that Swerdlin had some measure of control over Bogatsky's employes and paid their wages. But the latter part of her testimony showed conclusively that these intimations were the witness' conclusions of law—and the Court has no doubt they were incorrect conclusions. Particularly in respect of her statement that Swerdlin paid the wages, it appears very clearly from the accounts produced and filed by Mrs. Rosen with the commission and read in evidence in these proceedings, that Swerdlin's payments could in no sense be regarded as payments of wages. They were lump sum payments on a running account made at more or less irregular intervals, and entirely unrelated in their amount to the wages accrued immediately prior thereto. Furthermore, in respect of her statement as to Swerdlin's control over the employes, the most that this can mean is that if Swerdlin was dissatisfied with the work done by any particular employe he might send that employe away. But Mrs. Rosen does not at any point in her testimony say that Swerdlin had the power to discharge such an employe.

On the other hand, it has been earnestly and very ably argued by counsel for the appellees, Bogatsky and the Employers' Indemnity Corporation, that the acts done by and on behalf of Swerdlin following the happening of the accident in this case should be given the effect at least of inferences of fact creating such conflict of testimony as to require the submission of the issues to the jury. This argument, it seems to the Court, is addressed to the third fundamental question stated above. What the parties said or did after the happening of the accident does not affect nor enter into the decision of the underlying question as to whose employe Heller really was when the accident happened. These circumstances would be pertinent, however, if the doctrine of waiver in cases of suits on insurance policies were applicable to this case. The very recent case of the Royal Insurance Company vs. Drury et al., No. 43, October Term, 1925, Court of Appeals of Maryland, reported in The Daily Record on Saturday, March 20, 1926, indicates the extreme length to which the policy of the law of Maryland is committed in holding that very slight evidence of waiver is sufficient to take a case of that nature to the jury.

In the present case somebody filed (apparently on behalf of Swerdlin) an unsigned report with the Commission in which Heller was described as Swerdlin's employe. Subsequently the Commission sent to Swerdlin and his insurance carrier a notice of a claim made by Heller in which the latter swore that he was Swerdlin's employe. In pursuance of this notice and claim an award was passed against Swerdlin, without contest, and the payment of compensation was made for a period of months under that award. Manifestly, if the doctrine of waiver were applicable, these acts and omissions to act on the part of Swerdlin and his insurance carrier would be ample to require the submission of the case to the jury. But the evidence in this case shows that Swerdlin, his insurance carrier, and Heller in doing what was done, all acted under a misapprehension of their legal rights and liabilities. Whether such misapprehension should be termed a mistake of law or a mistake of fact seems to the Court to be immaterial. The broad, general purpose of the Workmen's Compensation Law must be subserved. That purpose is to secure compensation to the injured employe; and that purpose also is to have such compensation paid by the party who is in fact and in law liable for its payment. The doctrine of waiver, therefore, has no application to this case because there is no reason to invoke it. It is a doctrine of great liberality and it has come into the law and has been given its present wide scope as a matter of public policy. It rests upon the proposition that holders of insurance policies are a specially favored class of litigants. They have

paid premiums entitling them to protection; the insurance companies have accepted those premiums and agreed to grant protection; the policyholders have been afforded a sense of security by reason of the issuance of such policies to them; and therefore, almost all acts done by the insurance companies, however slight, which seem to recognize the policies as binding and effective, are held to be sufficient to take such cases to the jury.

Nothing is clearer, however, than that when the reason for a rule is not present, the rule should not be applied. In this case the person entitled to the protection of the law is Heller, the claimant. It is immaterial to him whether he gets his compensation from the one or the other insurance carrier. He certainly will get his compensation from one or the other.

Therefore, there is no reason to apply the doctrine of waiver. To do so might result, should the jury find against Swerdlin and his insurance company, in the imposition of liability where it really does not rest. Claimant would not be benefited by this unjust result, nor is he prejudiced by the present action of the Court which makes it impossible.